United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 05, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 10-70606** |
| **GABRIEL G. RODRIGUEZ,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| _____ | § | |
| **GABRIEL G. RODRIGUEZ** | § | |
| and | § | |
| **ESTATE OF SANTIAGO RODRIGUEZ,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 21-7005** |
| | § | |
| **MICHAEL B SCHMIDT** | § | |
| and | § | |
| **CRAIG S SMITH** | § | |
| and | § | |
| **MARGIL SANCHEZ, JR.** | § | |
| and | § | |
| **HILCORP ENERGY COMPANY,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Pending before the Court is a single matter self-styled as "Common Law Motion to Stop Removal and Common Law Objection to remove from State Court Cause No. 86-019 In the County Court at Law, Starr, County Texas" filed by Gabriel Rodriguez on August 23, 2021.[1]  On September 30, 2021, a response was filed by Homero Corona, Mario Corona, Blanca Corona Garza, Filiberto Garza, Israel Guerra, Lilia Henkel, Rosie Ownby, Delia Rodriguez, Josie Rodriguez, Rudy Rodriguez, Virginia Rodriguez, Imelda Garza Saenz, Craig S. Smith.[2]  On October 1,

---

[1] ECF No. 6.
[2] ECF No. 63.

2021, a response was filed by Michael B. Schmidt.[3]  On October 4, 2021, the Court held a hearing

on the motion to remand.[4]  For the reasons stated herein, Gabriel Rodriguez's motion to remand is

denied.

## I.  BACKGROUND

1. For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Finding of Facts in this Court's November 16, 2012 and January 6, 2015 Memorandum Opinions.[5]

2. On September 1, 2010, Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, and the successors of Petra Rodriguez, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, Josie Rodriguez, ("*Petitioning Creditors*") filed an involuntary petition against Gabriel G. Rodriguez ("*Debtor*") under chapter 7 of title 11 of the Code.[6]

3. On September 28, 2010, an order for relief by default was entered by the Court ("*Default Order*").[7]  Michael B. Schmidt was appointed chapter 7 trustee ("*Trustee*").

4. On October 8, 2010, Debtor filed a motion to set aside the Default Order.[8]

5. On November 26, 2010, the Court denied the motion to set aside the Default Order ("*Final Order For Relief*").[9]

6. On November 30, 2010, Debtor appealed the Final Order for Relief to the United States District Court.[10]

7. On March 7, 2011, the Final Order for Relief, as it pertained to Debtor, was affirmed by the District Court.[11]

8. On June 14, 2021, Debtor initiated "Petition To Reopen The Probate Estate Of Santiago Rodriguez Due To Fraud By The Defendants" (*Complaint*") styled as Cause No. 86-019 styled In The Matter Of The Estate Of Santiago Rodriguez, Jr And Gabriel Rodriguez *V.* Craig Smith, Margil Sanchez, Jr, Michael B. Schmitt, et al filed in the County Court at Law

---

[3] ECF No. 64.
[4] ECF No. 67.
[5] 11-7012, ECF Nos. 129, and 298.
[6] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C. Citations to Rodriguez's bankruptcy case, 10-70606, shall take the form "Bankr. ECF No. __."  Bankr. ECF No. 1.
[7] Bankr.  ECF No. 7.
[8] Bankr.  ECF No. 10.
[9] Bankr.  ECF No. 28.
[10] Bankr.  ECF No. 31.
[11] Bankr.  ECF No. 65, (reversed on other grounds).

Starr County.[12]

9.  On August 17, 2021, Trustee removed the Complaint to this Court commencing the instant adversary proceeding.[13]

10. On August 23, 2021, Debtor filed the instant "Common Law Motion To Stop Removal and Common Law Objection To Remove From State Court Cause No. 86-019 In The County Court At Law of Starr County, Texas ("*Motion To Remand*").[14]

11. On September 30, 2021, Petitioning Creditor's filed a response to the Motion to Remand.[15]

12. On October 1, 2021, Trustee filed a response to the Motion to Remand.[16]

## II.   JURISDICTION

Title 28 U.S.C. § 1334(b) grants this Court jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]."  The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1).[17]  The Court may also remand a proceeding on any equitable ground.[18]  However, the Court has continuous jurisdiction to interpret and enforce its own orders.[19]  The jurisdictional issue in this case involves the question of whether the instant adversary proceeding should be remanded to the County Court At Law, Starr County Texas.

## III.   ANALYSIS

## A.  Motion To Remand

---

[12] ECF No. 2.
[13] ECF No. 1.
[14] ECF No. 6.
[15] ECF No. 63.
[16] ECF No. 64.
[17] *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775 at *9 (S.D. Tex. Dec. 17, 2019).
[18] *See, e.g.*, 28 U.S.C. § 1334(c)(1)*; In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood, 825 F 2d. 90 (5th Cir. 1997)*.
[19] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)).

In his Motion To Remand, Debtor argues that this Court lacks jurisdiction over the Complaint and, as such, the Court should remand the Complaint back to the County Court At Law, Starr County Texas.[20]  In the alternative, Debtor argues that the Court should abstain.[21]

Under 28 U.S.C. § 1446(b), notice of removal must be filed within thirty-days after the defendant receives notice of the state court action.  The start of this thirty-day period begins thirty-days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[22]  Here, the Complaint was filed on June 14, 2021.[23]  The Notice of Removal was filed on August 17, 2021,[24] more than thirty-days after the Complaint was filed.  However, at the hearing, Trustee maintained that he did not receive notice of Complaint immediately after it was filed.  Trustee further asserted that he filed the Notice of Removal within thirty-days of receiving the notice of the Complaint. Plaintiff failed to offer any evidence undermining this assertion.

Accordingly, removal of the Complaint was timely.

**1.  Whether mandatory abstention applies.**

Bankruptcy courts are courts of limited jurisdiction and are competent to hear cases arising in, arising under, or related to title 11.[25]  Mandatory abstention, which is defined by statute, marks the boundaries where a bankruptcy court may exercise this jurisdiction and requires that a court remand proceedings in cases where:

---

[20] ECF No. 6.
[21] *Id.*
[22] 28 U.S.C. § 1446(b)(1).
[23] ECF No. 2.
[24] ECF No. 1.
[25] 28 U.S.C. §§ 157(a), 1334(b); *Stern v. Marshall*, 564 U.S. 462, 473 (2011).

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[26]

The Fifth Circuit has interpreted this statute to require mandatory abstention when: "(i) the claim has no independent basis for federal jurisdiction other than § 1334(b); (ii) the claim is a non-core proceeding . . . ; (iii) an action has been commenced in state court; and (iv) the action could be adjudicated timely in state court."[27]

Debtor argues that mandatory abstention applies to this case because the dispute is a state law claim under Texas state law, rendering this a non-core proceeding subject to mandatory abstention.[28] Debtor further contends that the previous bankruptcy court was without jurisdiction and thus the "Barton Doctrine" did not require Debtor to seek leave of the bankruptcy court to file the Complaint in state court.[29]

First, mandatory abstention is improper because when an order resolves a core proceeding, the interpretation and enforcement of that order is also a core proceeding.[30] Before finding that jurisdiction exists to enforce or interpret its own prior orders, the Court must determine the source of its jurisdiction which existed when the original order was issued.[31] The Court's July 28, 2015 Order[32] resolved the dispute between the parties. The Order addressed a question that was within

---

[26] 28 U.S.C. § 1334(c).

[27] *In re Moore*, 739 F.3d 724, 728–29 (5th Cir. 2014) (quoting *In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007)); *see also In re Chapman*, 2018 WL 4620719, at *4 (Bankr. S.D. Tex. June 8, 2018).

[28] ECF No. 6 at 3.

[29] *Id.*

[30] *Travelers Indemn. Co.*, 557 U.S. at 151 (holding that bankruptcy court had subject matter jurisdiction to issue a clarifying order interpreting a prior order); *FormTech Indus., LLC v. Magna Powertrain USA, Inc. (In re FormTech Indus., LLC)*, 439 B.R. 352, 357 (Bankr. Del. 2010).

[31] *Travelers Indemn. Co.*, 557 U.S. at 151–53 (examining whether bankruptcy court had initial subject matter jurisdiction to issue a clarifying order interpreting a prior order).

[32] Bankr. ECF No. 580.

the Court's core jurisdiction under 28 U.S.C. § 157 (b)(2)(A) and (O) as "matters concerning the administration of the estate" and "proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." This brings the Court's original July 25, 2015 Order within "arising in or under" jurisdiction, conferring the Court with jurisdiction to interpret and enforce that Order.

Next, under the "Barton Doctrine," whether the Debtor properly sought leave from the bankruptcy to sue Trustee in state court is at issue in this proceeding. The Supreme Court has held that, "before suit is brought against a receiver leave of the court by which he was appointed must be obtained."[33] The Fifth Circuit, as well as other circuits, have applied this principle to bankruptcy trustees.[34] "The Barton doctrine is not an immunity doctrine" but rather a "jurisdictional provision."[35] "[I]n other words, a court will not have subject matter jurisdiction to adjudicate a suit against a trustee unless and until the bankruptcy court has granted leave for the lawsuit to be filed."[36] Here, whether Debtor properly obtained leave of the bankruptcy court before filing the state court action against the Trustee is at issue in this proceeding as demonstrated by Trustee's filing of his motion to dismiss this adversary proceeding.[37]

Accordingly, mandatory abstention is not required and any such request is denied.

### 2. Whether equitable remand applies

Alternatively, and although not specifically requested the Court will determine whether, based upon § 1334(c)(1) and § 1452(b) the doctrine of equitable remand is required even if jurisdiction exists. In determining whether to grant an equitable remand, this Court in *In re Montalvo*

---

[33] *Barton v. Barbour*, 104 U.S. 126, 128 (1881).
[34] *Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015).
[35] *Baron v. Sherman (In re Ondova Ltd. Co.)*, Nos. 0934784-SGJ-7 (Chapter 7), 14-03121-SGJ, 3:16-CV-00947-M, 2017 Bankr. LEXIS 325, at *29 (Bankr. N.D. Tex. 2017).
[36] *Id.*
[37] ECF No. 5.

previously adopted two sets of factors.[38]  The first set of factors consider whether the Court should

remand or abstain and include:

(1) the convenience of the forum;

(2) the presence of non-debtor parties;

(3) whether the case should be tried as a whole in state court;

(4) the duplicative and uneconomic effect of judicial resources in two forums;

(5) the lessened possibility of inconsistent results;

(6) whether the state court would be better able to handle issues of State law;

(7) the expertise of the Bankruptcy Court;

(8) the degree of relatedness or remoteness to the main bankruptcy case;

(9) prejudice to involuntarily removed parties;

(10) whether the case involves forum shopping;

(11) the burden on the Bankruptcy Court's docket; and

(12) considerations of comity.[39]

This Court will now analyze each of the twelve factors.  Here, all parties and property are

located in Hidalgo County Texas.  Thus, the first factor weighs against remand as all parties are

located within the McAllen Division of the Southern District of Texas, so forum non conveniens

is inapplicable.

As to the second factor, with the exception of Plaintiff, all other parties are non-debtors.

Thus, the presence of non-debtors weighs in favor of remand.

---

[38] *In re Montalvo*, 559 B.R. 825, 836 (Bankr. S.D. Tex. 2016); *see also In re Treyson Dev., Inc*., No. 14–70256, 2016 WL 1604347, at *19 (Bankr. S.D. Tex. Apr. 19, 2016).

[39] *Id.* at 836 (*citing Browning v. Navarro*, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984), and *In re U.S. Brass Corp*., 173 B.R. 1000, 1005 (Bankr. E.D. Tex. 1994)).

The third factor is whether the case should be tried as a whole in state court.  The majority of Debtor's arguments frame his claim as a dispute over a fraudulent settlement obtained in this Court by Petitioning Creditors and the Trustee.  However, the Complaint turns on whether this Court's July 25, 2015 Order approving the Settlement Agreement was valid or whether it was obtained by fraud.[40]  Additionally, the heart of this dispute involves the interpretation of that Order and the Settlement Agreement and how it should be interpreted.  This Court is more than capable of interpreting and enforcing its own Order.  As such, the third factor weighs against remand.

As to the fourth and fifth factors, the duplicative and uneconomic effect of judicial resources in two forums and lessened possibility of inconsistent results, Debtor's Motion to Remand is silent.  However, allowing a state court to interpret this Court's July 25, 2015 Order has potential to impact this Court's disposition of the chapter 7 case in interpreting its prior rulings.  Furthermore, there is no evidence demonstrating that the state court suit has progressed to a point such that the advancement of the case in this Court would have any duplicative or uneconomic effect.  Thus, the fourth and fifth factors weigh against remand.

The sixth factor is whether the state court would be better able to handle issues of state law.  As discussed, Debtor is collaterally challenging the validity of this Court's July 25, 2015 Order.  As such, an interpretation of this Court's order is not a matter of state law.  The sixth factor weighs against remand.

Regarding the expertise of the bankruptcy court, the seventh factor, this Court is well-equipped to adjudicate this matter.  The undersigned Judge has a wealth of experience in adjudicating adversary proceedings and there is no evidence demonstrating that this Court cannot resolve the matter as easily as the state court.  Therefore, the seventh factor is neutral.

---

[40] *See* 20-3398, ECF No. 1-12.

Next, as discussed, this matter brings the Court's original July 25, 2015 Order within "arising in or under" jurisdiction, conferring the Court with jurisdiction to interpret and enforce that Order.  Therefore, in considering the degree of relatedness or remoteness of this action to the main bankruptcy case, the eighth factor weighs against remand.

As for the ninth factor, there is no evidence demonstrating that the posture of the state court suit reached a level as to prejudice Debtor from continuing to litigate this matter before this Court. As such, any prejudice to Debtor is *de minimis* and the Court finds that the ninth factor weighs against remand.

The tenth factor is whether the case involves forum shopping. Debtor makes no arguments that the Trustee is forum shopping and there is no evidence in the record to the contrary.  As such, the tenth factor weighs against remand.

The eleventh factor is the burden on the Bankruptcy Court's docket.  Although the burden on this Court's docket is always a relevant consideration, a state court docket is just as likely to bear this burden, and there is no evidence in the record indicating that this Court's docket is overly burdened.  As such, the eleventh factor is neutral.

Lastly, the twelfth factor considers comity.  The principle of comity does not necessarily support remanding this action to state court because, while this Court recognizes that the state court is competent in handling such a matter, there is no evidence demonstrating that the state court has substantively entertained this action.  Further, this Court has a deep understanding of the parties and facts at play in light of its prior orders.  As such, this factor is neutral.

In the case at bar, only factor two weighs in favor of remand; factors seven, eleven, and twelve are neutral; and the remaining factors weigh against remand.  As such, eight out of the

twelve factors favor denial of Debtor's Motion to Remand.  As pointed out in *In re Montalvo*, a second set of factors also apply when considering equitable remand:

(1) forum non conveniens;

(2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

(3) whether the state court has greater ability to respond to questions of state law;

(4) the particular court's expertise;

(5) the inefficiencies of proceedings in two forums;

(6) prejudice to the involuntarily removed party;

(7) comity; and

(8) possibility of an inconsistent result.[41]

There is certainly overlap between the first and second factors for equitable remand.  The Court determines that factors one, three, five, and six are sufficiently discussed above and weigh against remand.  The second factor weighs against remand because there is no evidence demonstrating that the case was bifurcated during removal.  Provided that the undersigned Judge has a wealth of experience in adjudicating adversary proceedings and this Court is capable of interpreting its own prior orders, the fourth factor weighs against remand.  Next, the Court again recognizes that the state court is competent in handling such a matter, but there is no evidence demonstrating that the state court has substantively entertained this action. As such, the seventh factor is neutral.  Regarding the eighth factor, in consideration of Petitioning Creditors and Trustee's arguments, the Court's handling of the interrelated issues will ensure that the parties are not subjected to duplicative litigation efforts and potentially inconsistent rulings from the state court.[42]  As such, the eighth

---

[41] *In re Montalvo*, 559 B.R. at 838.
[42] 20-3398, ECF No. 12; 20-3395, ECF No. 16.

factor weighs against remand.  In sum, the overwhelming majority of both the twelve-factor-set and eight-factor-set weigh against remand.

Accordingly, the Court denies Debtor's request to remand the Complaint based upon § 1334(c)(1) and § 1452(b) under the doctrine of equitable remand.

## IV. Conclusion

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED October 5, 2021

Eduardo Rodriguez
United States Bankruptcy Judge