United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 10-70606 |
| GABRIEL G. RODRIGUEZ, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| GABRIEL G. RODRIGUEZ | § | |
| and | § | |
| ESTATE OF SANTIAGO RODRIGUEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-7005 |
| | § | |
| MICHAEL B SCHMIDT | § | |
| and | § | |
| CRAIG S SMITH | § | |
| and | § | |
| MARGIL SANCHEZ, JR. | § | |
| and | § | |
| HILCORP ENERGY COMPANY | § | |
| and | § | |
| PETER C. RUGGERO, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

After closing of the Chapter 7 bankruptcy case, Gabriel G. Rodriguez and the Estate of Santiago Rodriguez filed a state court lawsuit against Michael B. Schmidt, the former bankruptcy trustee, for negligent misrepresentation and fraud. Michael B. Schmidt obtained reopening of the bankruptcy case, removed the state court action to this court and now seeks dismissal of the complaint based on Federal Rule of Civil Procedure 12(b)(6) and the Barton doctrine. On November 4, 2021 the Court held a hearing. For the reasons stated herein, Michael B. Schmidt's motion to dismiss is granted.

## I. BACKGROUND

1. For the purposes of this Memorandum Opinion and, to the extent not inconsistent herewith, this Court adopts and incorporates by reference each of the Finding of Facts in this Court's November 16, 2012, January 6, 2015, and October 5, 2021 Memorandum Opinions.[1]

2. On September 1, 2010, Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, and the successors of Petra Rodriguez, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, Josie Rodriguez, ("*Petitioning Creditors*") filed an involuntary petition against Gabriel G. Rodriguez ("*Debtor*") under Chapter 7 of Title 11 of the Code.[2]

3. On September 28, 2010, an order for relief by default was entered by the Court ("*Default Order*").[3] Michael B. Schmidt was appointed Chapter 7 trustee ("*Schmidt* or *Trustee*").

4. On October 8, 2010, Debtor filed a motion to set aside the Default Order.[4]

5. On November 26, 2010, the Court denied the motion to set aside the Default Order ("*Final Order For Relief*").[5]

6. On November 30, 2010, Debtor appealed the Final Order for Relief to the United States District Court.[6]

7. On March 7, 2011, the Final Order for Relief, as it pertained to Debtor, was affirmed by the District Court.[7]

8. On June 14, 2021, Debtor initiated "Petition To Reopen The Probate Estate Of Santiago Rodriguez Due To Fraud By The Defendants" styled as Cause No. 86-019 styled In The Matter Of The Estate Of Santiago Rodriguez, Jr And Gabriel Rodriguez *V.* Craig Smith, Margil Sanchez, Jr, Michael B. Schmitt, et al filed in the County Court at Law Starr County (*Complaint*").[8]

9. On August 17, 2021, Trustee removed the Complaint to this Court commencing the instant adversary proceeding.[9]

---

[1] 11-7012, ECF Nos. 129, 298 and 21-7005, ECF No. 68.
[2] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C. Citations to Rodriguez's bankruptcy case, 10-70606, shall take the form "Bankr. ECF No. __." Bankr. ECF No. 1.
[3] Bankr. ECF No. 7.
[4] Bankr. ECF No. 10.
[5] Bankr. ECF No. 28.
[6] Bankr. ECF No. 31.
[7] Bankr. ECF No. 65, (reversed on other grounds).
[8] ECF No. 2.
[9] ECF No. 1.

10. On August 23, 2021 Trustee filed a single pleading self-styled as "Michael B. Schmidt's Corrected Motion To Dismiss Under Fed. R. Civ. P. 12(B)(6) (As Applicable Under The FRBP) And The Barton Doctrine"[10] ("*Motion To Dismiss*").

11. On September 13, 2021 Debtor filed a response to the Motion To Dismiss[11] ("*Response*").

12. On November 4, 2021 the Court held a hearing.

## II. JURISDICTION AND VENUE

A Court always has jurisdiction to decide whether it has jurisdiction.[12] Here, although Trustee brings the Motion to Dismiss under 12(b)(6),[13] the supporting argument is actually jurisdictional.[14] As such, the Court possesses authority to determine whether it has jurisdiction.

This Court may only hear a case in which venue is proper.[15] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Court presided over Debtor's Chapter 7 case therefore, venue of this proceeding is proper.

Federal Rule 12 applies to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012. Rule 12(h)(3) mandates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[16] Because "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking," this Court must enter an order dismissing this suit if it finds its lacks jurisdiction to adjudicate Plaintiffs' claims.[17]

---

[10] ECF No. 5.
[11] ECF No. 38.
[12] *Henry v. United States*, 277 Fed. Appx. 429, 434 n.11 (5th Cir. 2008) (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940)).
[13] ECF No. 5.
[14] The Barton doctrine is a jurisdictional provision. *Baron v. Sherman (In re Ondova Ltd. Co.)*, Nos. 0934784-SGJ-7 (Chapter 7), 14-03121-SGJ, 3:16-CV-00947-M, 2017 Bankr. LEXIS 325, at *29 (Bankr. N.D. Tex. 2017).
[15] 28 U.S.C. § 1408.
[16] Fed. R. Civ. P. 12(h)(3); Fed. R. Bankr. P.7012.
[17] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see also Smith v. Houston Indep. Sch. Dist.*, 229 F. Supp. 3d 571, 575 (S.D. Tex. 2017).

### III.  ANALYSIS

### A.  Motion to Dismiss under Rule 12(b)(6)

Trustee seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[18]  Under Rule 12(b)(6), this Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[19]  However, the argument raised by Trustee in his Motion to Dismiss is based on application of the Barton doctrine.  "The Barton doctrine is not an immunity doctrine" but rather a "jurisdictional provision."[20]  "[I]n other words, a court will not have subject matter jurisdiction to adjudicate a suit against a trustee unless and until the bankruptcy court has granted leave for the lawsuit to be filed."[21]  The issue with Trustee's Motion to Dismiss is that he seeks dismissal for failure to state a claim under 12(b)(6) but the argument raised is actually a jurisdictional attack which is more appropriately raised under 12(b)(1).  Nonetheless, even when a defendant has not moved to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1), a court may analyze subject-matter jurisdiction sua sponte.[22]  Thus, this analysis will proceed by evaluating whether the Barton doctrine applies and if this Court has subject matter jurisdiction over Debtor's claims against Trustee Michael B. Schmidt.

Under Rule 12(b)(1), this Court must dismiss the Complaint if it finds that it lacks subject matter jurisdiction to hear the dispute.[23]  "A case is properly dismissed for lack of subject matter

---

[18] ECF No. 5.
[19] Fed. R. Civ. P. 12(b)(6).
[20] *Baron v. Sherman (In re Ondova Ltd. Co.)*, Nos. 0934784-SGJ-7 (Chapter 7), 14-03121-SGJ, 3:16-CV-00947-M, 2017 Bankr. LEXIS 325, at *29 (Bankr. N.D. Tex. 2017).
[21] *Id.*
[22] *Wilson v. Obama*, 770 F. Supp. 2d 188, 191 (D.D.C. 2011).
[23] The Court notes that it has the jurisdiction to determine whether it has subject matter jurisdiction over the dispute at bar. *See Henry v. United States*, 277 Fed. Appx. 429, 434 n.11 (5th Cir. 2008) ("A court always has jurisdiction to consider its jurisdiction . . . .") (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376, 60 S. Ct. 317, 84 L. Ed. 329 (1940) (holding that a federal court has authority to determine whether it has subject matter jurisdiction over a dispute)); *Trevino v. Michelin N. Am., Inc.*, 2006 U.S. Dist. LEXIS 17754, 2006 WL 778609, at *8 (S.D. Tex. Mar. 23, 2006) ("The court has the authority to pass upon its own jurisdiction . . . .") (quoting *Chicot County Drainage Dist.*, 308 U.S. at 376).

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[24] The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.[25]

### B. The Barton Doctrine

Trustee argues that Debtor did not properly seek leave from this Court to sue the Trustee in state court. In *Barton*, the Supreme Court held that, "before suit is brought against a receiver leave of the court by which he was appointed must be obtained."[26] The Fifth Circuit, as well as other circuits, have applied the Barton doctrine principle to bankruptcy trustees.[27] "The Barton doctrine was designed to protect Defendant from the need to take any action to defend himself from a suit filed in state court unless the suit was pre-authorized by the bankruptcy court that appointed him.[28] "The Barton doctrine must therefore bar any suit initially filed in state court without the appropriate pre-authorization regardless of whether (a) the complaint states a valid claim or (b) the defendant moved to dismiss the action immediately in state court, after removal to a district court, or after removal to a bankruptcy court."[29]

Here, an involuntary bankruptcy was filed against Debtor on September 1, 2010.[30] An Order for Relief was entered on September 28, 2010[31] and an Order denying it to be set aside was entered on November 26, 2010.[32] In that case, Michael B. Schmidt was duly appointed Chapter 7

---

[24] *Champions Truck & Equip. Inc. v. Patterson*, 2008 U.S. Dist. LEXIS 55343, 2008 WL 2810608, at *1-2 (S.D. Tex. July 21, 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).
[25] *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).
[26] *Barton v. Barbour*, 104 U.S. 126, 128 (1881).
[27] *Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015); *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012).
[28] *Providence Hall Assocs. Ltd. P'ship v. Albert*, No. 1:19-cv-112, 2019 U.S. Dist. LEXIS 43005, at *3 (E.D. Va. 2019); *McDaniel*, 668 F.3d at 157-58
[29] *Providence Hall*, No. 1:19-cv-112, 2019 U.S. Dist. LEXIS 43005, at *4.
[30] Bankr. ECF No. 1.
[31] Bankr. ECF No. 7.
[32] Bankr. ECF No. 28.

trustee.  On February 23, 2021, this Case was closed without discharge for Debtor's failure to comply with the financial management requirements.[33]  At the November 4, 2021 hearing, Trustee introduced evidence that, on June 14, 2021, Debtor filed the instant Complaint against Trustee under Cause No. 86-019 in the County Court at Law of Starr County, Texas alleging fraudulent misrepresentation, negligent misrepresentation, and fraudulent concealment.[34]  The fact that the underlying bankruptcy case was closed does not determine the matter.[35]  Instead, the key inquiry is whether the claims arose out of the Trustee's conduct during the course of the case, while the case was still open.[36]  The Court finds that Trustee was duly appointed by this Court and that the claims raised by Debtor in the Complaint directly relate to Trustee's work as Chapter 7 trustee while the case was still open.

Despite this, Debtor failed to request leave of this Court before filing the Complaint against the Trustee.[37]  In his Response, Debtor first argues that he was not required to seek leave of this Court because the state court improperly ruled on a closed probate case, thus depriving him of due process under the Fourteenth Amendment.[38]  However, as previously stated, application of the Barton doctrine is a jurisdictional provision.  This Court must determine if the Barton doctrine applies and whether its requirements have been satisfied *before* analyzing the underlying merits of the case.  Debtor's argument refers only the merits of his Complaint and thus does nothing to undermine the applicability of the Barton doctrine in this situation.

---

[33] Bankr. ECF No. 621.
[34] ECF No. 41-3.
[35] *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998) (finding that the Barton doctrine still applied to a closed case).
[36] *Bednar v. Bednar (In re Bednar)*, Nos. WO-20-041, WO-20-042, 2021 Bankr. LEXIS 1129, at *8 (B.A.P. 10th Cir. 2021) (noting that the Barton doctrine applies to "acts done in the trustee's official capacity and within the trustee's authority as an officer of the court").
[37] The Court took judicial notice of its docket and the absence of a request for leave of the bankruptcy court. November 4, 2021 Hearing at 9:03:05-9:03:29.
[38] ECF No. 38 at 5, ¶ 10; November 4, 2021 Hearing at 9:09:34-9:10:18.

Additionally, at the November 4, 2021 hearing, Debtor represented to the Court that in *Garza v. Rodriguez*[39] "Judge Stone clearly says the Barton Doctrine is not available."[40]  However, despite Debtor's bold assertion, the term "Barton doctrine" is never mentioned even once in *Garza*. Further, given that the underlying involuntary bankruptcy in this case did not occur until 2010 – ten years *after Garza* was issued – the Court is perplexed as to how that decision could possibly predict the future applicability of the Barton doctrine to Trustee in this proceeding.

Accordingly, Debtor improperly failed to request leave of this Court before filing the Complaint against the Trustee, in violation of the Barton doctrine.

Of course, the Debtor's claims are now live before this Court.  In this situation, courts are divided on whether the Barton doctrine requires this Court to dismiss an unauthorized action brought against its appointee and removed to this Court.[41]  There is no binding precedent in the Fifth Circuit.  In *Harris*, the Ninth Circuit held that "all problems under the Barton doctrine vanished" when a state court action that had been filed improperly without seeking leave of the bankruptcy court and removed to the bankruptcy court.[42]  However, numerous courts have since issued holdings finding contrary to *Harris*.[43]  These decisions find that dismissal is still warranted because the underlying policy rationale has not "vanished" as *Harris* suggested.  When conducting the same analysis in *Providence Hall*, the court reasoned that "the Court does not see why trustees should be put to a Hobson's choice: either remove the action and lose the protections of the Barton

---

[39] 18 S.W.3d 694, 699 (Tex. App.—San Antonio 2000).
[40] November 4, 2021 Hearing at 9:16:32-9:17:04.
[41] *See Richardson v. Monaco (In re Summit Metals, Inc.)*, 477 B.R. 484, 497 (Bankr. D. Del. 2012) (holding that removal to the bankruptcy court did note cure initial errant filing in violation of the Barton doctrine); *but see In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009) (holding that "the Barton doctrine is not a ground to dismiss a suit that is proceeding in the appointing bankruptcy court," even if the suit was initially improperly filed in state court).
[42] *Harris*, 590 F.3d at 742.
[43] *See Providence Hall*, Nos. 11-11656-BFK, 18-01013-BFK, 2018 Bankr. LEXIS 4165, at *25 (finding that the Barton doctrine continues to apply in a removed action); *Herrera v. Yvette J. Gonzales, LLC (In re Herrera)*, 472 B.R. 839, 854 (Bankr. D.N.M. 2012) (finding that the Barton doctrine requirements did vanish upon removal).

doctrine, or remain in State court and take his or her chances."[44]  Similarly, this Court finds that the Barton doctrine continues to apply to a removed action.

Trustee's success on this argument, however, does not result in a dismissal with prejudice; it results in a dismissal without prejudice based on a lack of subject matter jurisdiction. As the court in *Rozelle* noted, the Barton doctrine is not a condition precedent to suit but rather a condition precedent to jurisdiction.[45]  This subtle difference is key. "A dismissal with prejudice is a final judgment on the merits."[46]  However, a court without jurisdiction cannot issue a final judgment.[47]

Accordingly, Debtor's Complaint as it pertains to Michael B. Schmidt is dismissed without prejudice.

## IV. Conclusion

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED November 10, 2021

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[44] *Providence Hall*, Nos. 11-11656-BFK, 18-01013-BFK, 2018 Bankr. LEXIS 4165, at *25.
[45] *Rozelle v. Lowe*, Civil Action No. SA-16-CV-489-XR, 2016 U.S. Dist. LEXIS 171924, at *21 (W.D. Tex. 2016)
[46] *Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003).
[47] *Burleigh v. James*, 684 F. App'x 412, 415 (5th Cir. 2017)