United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 10-70606 |
| GABRIEL G. RODRIGUEZ, | § § | |
| Debtor. | § § | CHAPTER 7 |
| | § | |
| GABRIEL G. RODRIGUEZ and ESTATE OF SANTIAGO RODRIGUEZ, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | ADVERSARY NO. 21-7005 |
| CRAIG S SMITH and MARGIL SANCHEZ, JR. and HILCORP ENERGY COMPANY and PETER C. RUGGERO, | § § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION

The matter pending before the Court is "Motion To Strike Debtor's Motions For Summary Judgment Or Alternatively Summary Judgment Motion And Response" filed by Defendants Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, and the successors of Petra Rodriguez, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, Josie Rodriguez, and Counsel Craig S. Smith on September 15, 2021. A hearing was held on December 17, 2021, and Defendants submitted proposed findings of fact on January 7, 2022. On April 7, 2022, the Court denied the motion to strike Plaintiff''s

motions for summary judgment as moot and kept Defendants' motion for summary judgment under advisement. For the reasons stated herein, Defendants' motion for summary judgment is denied.

## I. UNCONTESTED FACTS AND PROCEDURAL HISTORY

Gabriel Rodriguez[1] ("*Plaintiff*" or "*Debtor*") is the adopted son of Santiago Rodriguez, Jr. and Olivia Olivarez Rodriguez.[2] On January 22, 1943, Santiago Rodriguez Jr.'s aunt, Maria Lopez de Peña devised nine tracts of land (the "*Nine Tracts*") to her nephew Santiago Rodriguez, the adoptive father of Plaintiff.[3] Specifically, the will provided that:

> It is my will that all the rest and residue of my property, both real and personal and of any nature and kind whatsoever, and wherever situated of which I shall die seized and possessed, shall pass to and be vested in fee simple title on my nephew, Santiago Rodriguez, Jr., son of my sister Eusebia Lopez de Rodriguez, to be owned and enjoyed by him with God's and my blessings forever. I make this gift and bequest because I helped to rear my said nephew from his birth and I look upon him as my own son, and I want to declare him to be my sole heir. But should he die without lawful issue of his body, then, and in that event, it is my will and wish that all of my aforesaid property shall pass to and be vested in fee simple in my sister, the said Eusebia Lopez de Rodriguez, her heirs and their descendants per stirpes, to be enjoyed by her, or her said heirs together with God's and my blessings forever.[4]

Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, Josie Rodriguez ("*Petitioning Creditors*") are allegedly the heirs and descendants of Eusebia Lopez de Rodriguez.[5]

---

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C. Citations to Rodriguez's bankruptcy case, 10-70606, shall take the form "Bankr. ECF No. __." Bankr. ECF No. 1.
[2] *Schmidt v. Rodriguez* (*In re Rodriguez*), 2012 WL 5830639, at *1 (Bankr. S.D. Tex. Nov. 16, 2012).
[3] *Garza v. Rodriguez*, 2007 Tex. App. LEXIS 5800, at *1 (Tex. App. July 25, 2007) (*Garza III*).
[4] *Id.* at *1-2.
[5] *Id.* at *3; *In re Rodriguez*, 2012 WL 5830639, at *6.

Santiago Rodriguez, Jr. died on October 19, 1984.[6] Since then, Plaintiff and Petitioning Creditors have fought a long and protracted dispute over the Nine Tracts.[7] On July 8, 1986, Petitioning Creditors filed suit in Starr County District Court ("*District Court*") seeking a declaration that they had superior title to the Nine Tracts the ("*First Suit For Title*").[8] In response, Plaintiff filed a probate action in the Starr County Court at Law,[9] the ("*Probate Court*") on August 4, 1986 styled as Cause No. PR-86-19 (the "*First Probate Case*").[10] Plaintiff obtained an order from the Probate Court granting he and his mother equal shares of Santiago Rodriguez Jr.'s estate and appointing him independent administer of the estate.[11] However, on December 8, 1988, the First Probate Case was closed for lack of prosecution when Plaintiff failed to appear at a hearing.[12]

On June 10, 1998, the District Court dismissed Petitioning Creditors' First Suit For Title for lack of jurisdiction.[13] On July 14, 1998, Petitioning Creditors refiled in the Starr County Court of Law styled as Cause No. PR-98-37, the (*Second Probate Case*).[14] The Second Probate Case contained the same prayer for relief that Petitioning Creditors had in the First Suit For Title alleging that Petitioning Creditors had superior title to Plaintiff, but also sought additional damages for wrongfully diverted oil and gas royalties.[15] The Starr County Court of Law dismissed the Second Probate Case for lack of jurisdiction.[16] On appeal, the Texas Court of Appeals reversed the

---

[6] *Garza*, 2007 Tex. App. LEXIS 5800, at *3; *In re Rodriguez*, 2012 WL 5830639, at *6.
[7] *In re Rodriguez*, 2012 WL 5830639, at *6.
[8] *Garza*, 2007 Tex. App. LEXIS 5800, at *13; *Schmidt v. Rodriguez* (*In re Rodriguez*), 524 B.R. 111, 111 (Bankr. S.D. Tex. 2014).
[9] Sitting as the Probate Court.
[10] *In re Rodriguez*, 2012 WL 5830639, at *8.
[11] *Id.*
[12] *Estate of Rodriguez v. Rodriguez*, No. 04-08-00230-CV, 2009 Tex. App. LEXIS 5785, at *2 (Tex. App.—San Antonio July 29, 2009).
[13] *In re Rodriguez*, 524 B.R. at 115.
[14] *Id.*
[15] *Id.*
[16] *Id.*

dismissal after finding the Starr County Court of Law had jurisdiction, and remanded for further consideration.[17]

On December 8, 2005, on remand, the Starr County Court of Law granted Petitioning Creditors' summary judgment motion and declared that Petitioning Creditors held superior title to the Nine Tracts.[18] The Starr County Court of Law also severed the Second Suit For Title action into a new case (Cause No. PR-98-37(B)), while keeping all other claims for royalties in the original case (Cause No. PR-98-37).[19] The Starr County Court at Law's Final Judgment on title contained a recital that the Starr County Court at Law had jurisdiction, and held:

> IT IS THEREFORE ORDERED, ADJUDGED, DECLARED AND DECREED that Plaintiffs' motion for summary judgment is granted, Plaintiffs are the true owners of the real property interests described in Appendix A, attached to this judgment, and Plaintiffs have superior title to that of Defendants Olivia Olivarez Rodriguez and Gabriel Rodriguez, and anyone claiming under them.[20]

In 2007, the Texas Fourth Court of Appeals ("*Court of Appeals*") affirmed the grant of summary judgment in the Second Suit For Title action.[21] The Court of Appeals held that Maria Lopez de Pena granted Santiago Rodriguez, Jr. the land in fee simple subject to an executory limitation.[22] Once the stated event in the will occurred, i.e. Santiago dying without "lawful issue of his body," title to the land vested in the Petitioning Creditors.[23] The affirmation by the Court of Appeals of judgment for Petitioning Creditors resolved the Second Suit For Title dispute.[24]

However, Plaintiff did not stop his fight over title to the Nine Tracts at this point. Just a month before the Court of Appeals issued its decision affirming summary judgment in favor of

---

[17] *Id.*; *Garza v. Rodriguez*, 87 S.W.3d 628 (Tex. App. 2002) (*Garza II*).
[18] *In re Rodriguez*, 2012 WL 5830639, at *10.
[19] *Id.* at 11.
[20] ECF No. 44-1.
[21] *Garza*, 2007 Tex. App. LEXIS 5800, at *1.
[22] *Id.* at 9.
[23] *In re Rodriguez*, 524 B.R. at 116.
[24] *Id.*

Petitioning Creditors in 2007, Plaintiff attempted to reopen First Probate Case Cause No. PR-86-19.[25] The Probate Case had been closed since 1988.[26] After reviewing the briefs and considering argument of counsel at a hearing, on November 15, 2007, the Probate Court signed an order closing the Cause No. PR-86-19 and dismissing Plaintiff's claims.[27] In 2009, the Court of Appeals affirmed the decision to not re-open Cause No. PR-86-19.[28]

In addition to the title dispute litigation, Plaintiff and Petitioning Creditors were also involved in a prolonged dispute regarding royalties and land rights involving the Nine Tracts.[29] Much of this dispute was a result of Plaintiff leasing a portion of the Nine Tracts to Dewey Bellows Operating Company, Ltd. from 2002 to 2007 in order to conduct commercial saltwater disposal operations.[30] The leased land ended up damaged by pollution.[31]

On September 1, 2010, while these lawsuits were raging, Petitioning Creditors filed an involuntary bankruptcy against Plaintiff under chapter 7 of title 11 of the bankruptcy code.[32] After prolonged litigation, the bankruptcy case resulted in a settlement between Petitioning Creditors and Michael B. Schmidt, Chapter 7 Trustee, (the "*Trustee*") (the "*Settlement*").[33] This Settlement was twice approved by this Court.[34] Plaintiff did not appeal either of the orders approving the Settlement. Under the Settlement, Petitioning Creditors' claim against the Plaintiff of $775,404.00 for mis-paid royalties was adjudicated as an allowed claim.[35] This Court also approved issuance

---

[25] *Estate of Rodriguez*, No. 04-08-00230-CV, 2009 Tex. App. LEXIS 5785, at *3.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *In re Rodriguez*, 524 B.R. at 116.
[30] *Id.* at 116-17.
[31] *Id.* at 117.
[32] *Id.* at 118.
[33] Bankr. ECF No. 571.
[34] ECF No. 44-3.
[35] *Id.*

of a deed by the Trustee to the Petitioning Creditors conveying all of Plaintiff's remaining land.[36] This included undivided interests in Los Mesquites Ranch that the Plaintiff's father Santiago had purchased in his lifetime, and land Plaintiff had purchased adjoining San Gregorio Ranch.[37] The Trustees' deed granted:

> All other non-exempt real property interests or rights owned or claimed by Debtor on the date of the entry of the order of relief in this Case, including all property inherited from Santiago Rodriguez, Jr.[38]

In state court, Petitioning Creditors secured a judgment against Olivia Rodriguez for mispaid royalties and acquired all her real property through two sheriff's deeds.[39] In 2019, Plaintiff's mother filed two bills of review in the Starr County Court at Law.[40] One sought to reopen Maria Lopez De Pena's 1957 probate case, and the other sought to reopen this case, *Estate of Santiago Rodriguez, Jr.*, PR-86-19. Both bills of review were rejected after one hearing.[41]

On June 14, 2021, Plaintiff initiated "Petition To Reopen The Probate Estate Of Santiago Rodriguez Due To Fraud By The Defendants" (*Complaint*") styled as Cause No.-86-19 in the Starr County Court at Law.[42] Plaintiff sued Petitioning Creditors, Craig Smith (collectively "*Defendants*"), Michael Schmidt, Margil Sanchez, Olivia Rodriguez, Peter Ruggero, and Hilcorp Energy Company.[43] Defendants counterclaimed and sought enforcement of the Settlement approved by this Court under the Declaratory Judgment Act ("*Counterclaim*").[44] On August 17, 2021, Trustee initiated a removal of suits to this Court.[45]

---

[36] *Id.*
[37] *Id.*
[38] *Id.*; ECF No. 44-4.
[39] ECF No. 44-11.
[40] ECF No. 44-9.
[41] ECF No. 44-10.
[42] ECF No. 2.
[43] *Id.*
[44] ECF No. 29.
[45] ECF No. 1.

On August 19, 2021, Plaintiff filed a "Motion For Summary Judgment and Motion to Release Funds to the Plaintiff" ("*First Motion*").[46]  On August 19, 2021, Plaintiff filed a "Second Motion For Summary Judgment" ("*Second Motion*").[47]  On September 8, 2021, Plaintiff filed a "Third Motion For Summary Judgment" ("*Third Motion*").[48] On September 15, 2021, Defendants filed a "Motion To Strike Debtor's Motions For Summary Judgment Or Alternatively Summary Judgment Motion And Response" ("*Defendants' Motion*").[49]  On December 17, 2021, the Court held a hearing and took the matters under advisement.[50]  On December 29, 2021, Plaintiff filed "Objection to the Defendants' Motion for Summary Judgment or Alternatively Summary Judgment and Response" ("*Plaintiff's Motion*").[51]

On March 24, 2022, the Court remanded the Complaint to the Starr County Court of Law and retained jurisdiction over the Counterclaim.[52]  The First Motion, Second Motion, Third Motion, and Plaintiff's Motion were all denied as moot.[53]  Additionally, Defendant's Motion with respect to Objection to Defendant's Motion for Summary Judgment was denied as moot.[54]  Defendant's Motion with respect to their Motion for Summary Judgment remained under advisement.[55]

---

[46] ECF No. 2 at 12 – 15.
[47] *Id.* at 28 – 33.
[48] ECF No. 36.
[49] ECF No. 44.
[50] ECF No. 111.
[51] ECF No. 114.
[52] ECF No. 135.
[53] ECF No. 137.
[54] *Id.*
[55] *Id.*

## II.     JURISDICTION AND VENUE

Here, Defendants bring the Counterclaim under the Federal Declaratory Judgment Act.[56] The Federal Declaratory Judgment Act alone does not grant federal courts jurisdiction.[57] Instead, "a suit brought under the [Federal Declaratory Judgment Act] must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question."[58] In this case, Defendants assert that the Court has jurisdiction to interpret its prior order.[59]

When an order resolves a core proceeding, the interpretation and enforcement of that order is also a core proceeding.[60] Before finding that jurisdiction exists to enforce or interpret its own prior orders, the Court must determine the source of its jurisdiction which existed when the original order was issued.[61] On July 28, 2015, this Court entered an Order[62] approving the Settlement. On February 17, 2016, this Court approved an Amended Order[63] regarding the Settlement. These orders resolved proofs of claim filed in the underlying bankruptcy case.[64]

This Court held jurisdiction over both the July 28, 2015 and February 17, 2016 orders pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Further, the Court determines that that pursuant to 28 U.S.C. § 157(b)(2)(A), and (O), the Court held jurisdiction to enter these orders because they resolved core proceedings – namely proofs of claim. Having found that the Court possessed

---

[56] ECF No. 29.
[57] *Kosmeo Cosmetics, Inc. v. Lancome Parfums et Beaute & Cie*, No. 4:96cv70, 1996 U.S. Dist. LEXIS 21770, at *3 (E.D. Tex. 1996) (citing *Skelly Oil Co. v. Phillips Petro. Co.*, 339 U.S. 667 (1950)).
[58] *Great W. Cas. Co. v. Diversified Transp. Servs., LLC*, No. 5:20-CV-404 (MTT), 2021 U.S. Dist. LEXIS 77103, at *1 (M.D. Ga. 2021).
[59] ECF No. 29 at 8.
[60] *In re Briar Bldg. Hous. LLC*, Nos. 18-32218, 20-3395, 20-3398, 2021 Bankr. LEXIS 79, at *17 (Bankr. S.D. Tex. 2021).
[61] *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151-53 (2009) (examining whether bankruptcy court had initial subject matter jurisdiction to issue a clarifying order interpreting a prior order).
[62] ECF No. 580.
[63] ECF No. 590.
[64] ECF No. 570.

jurisdiction when entering the two orders, jurisdiction to interpret and enforce these orders is appropriate here.

Furthermore, this Court may only hear a case in which venue is proper.[65] Pursuant to 28 U.S.C. § 1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." Venue is proper because the Court presided over Debtor's underlying bankruptcy.[66]

### III.    ANALYSIS

#### A.  Federal Rule 56(c)

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment, "identifying each claim or defense—*or the part of each claim* or defense—on which summary judgment is sought."[67]  Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.  Rule 56 states that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[68]  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[69]  Courts employing this standard of review must determine "not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon evidence before the court."[70]  To prevail

---

[65] 28 U.S.C. § 1408.
[66] *See* Bankr. ECF No. 1.
[67]  FED. R. CIV. P. 56(a) (emphasis added).
[68] *Id.*
[69] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[70] *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

on summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law.[71] A material fact is one "that might affect the outcome of the suit under the governing law."[72] A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving parties.[73]

Rule 56 creates a shifting burden. Once a properly supported motion for summary judgment is presented, "the nonmoving party must rebut with 'significant probative' evidence."[74] If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial.[75] When there is no genuine issue for trial, the Court should grant summary judgment.[76] In determining whether summary judgment is appropriate, a court is not to weigh evidence, assess its probative value, or resolve factual disputes,[77] but the facts must be reviewed with all "justifiable inferences" drawn in non-movants' favor.[78] Nevertheless, factual controversies will be resolved in non-movants' favor "only when there is an actual controversy— that is, when both parties have submitted evidence of contradictory facts."[79] If, however, the record could not lead a rational trier of fact to find for non-movants, summary judgment is appropriate.[80] While the Court may consider other materials in the record, it need only consider those actually cited.[81] Where the facts are undisputed and only questions of law exist, a court must apply

---

[71] *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).
[72] *Smith v. Brenoettsy,* 158 F.3d 908, 911 (5th Cir.1998).
[73] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[74] *Ferguson v. Nat. Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978) (citations omitted).
[75] *LeMaire v. Louisiana*, 480 F.3d 383, 390 (5th Cir. 2007).
[76] *Id.*
[77] *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996).
[78] *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998).
[79] *Laughlin v. Olszewski,* 102 F.3d 190, 193 (5th Cir.1996).
[80] *Matsushita Elec. Indus. Co..*, 475 U.S. at 587 (1986).
[81] *Id.* (citing FED. R. CIV. P. 56(c)(3)).

the appropriate law to the facts to determine whether the moving party is entitled to judgment as a matter of law.[82]

## B. Craig Smith lacks standing to bring the counterclaim

As a preliminary matter, the Court finds that Craig Smith lacks standing to bring the Counterclaim and will be dismissed from this proceeding. To properly establish constitutional standing, a plaintiff must show the following: "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'"[83] An injury in fact is the invasion of a legally protected interest.[84] In the context of a declaratory judgement action, the Supreme Court has observed that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[85]

Here, Craig Smith has not alleged an injury in fact. Unlike the Petitioning Creditors, Craig Smith was not one of the named parties in the Settlement.[86] He instead served as counsel to Petitioning Creditors and executed the Settlement on their behalf.[87] Nevertheless, Craig Smith joins in the Counterclaim so as to provide a defense to separate claims in the remanded State Court Suit. However, this does not demonstrate the invasion of any legally protected interest. Further, there is no evidence that any injury to Craig Smith would be redressed by a favorable decision. In the

---

[82] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991) ("Summary judgment is appropriate where only issue before court is pure question of law."); *see Barnes v. Allstate Ins. Co.*, 2014 WL 1457696, at *1 (E.D. La. Apr. 14, 2014) ("Because the facts are undisputed and this motion presents only a question of law, resolution on summary judgment is appropriate.").
[83] *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (alteration in original) (*quoting Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014)).
[84] *Pederson v. La. State Univ.*, 213 F.3d 858, 870 (5th Cir. 2000).
[85] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).
[86] ECF Nos. 570, 580, 590.
[87] *Id.*

Counterclaim, the prayer for relief goes out of its way to separate the Petitioning Creditors from Craig Smith and Petitioning Creditors alone are the only parties seeking relief.[88] This results in an unusual situation in which Craig Smith joins in bringing the Counterclaim but seeks no relief. The simple reason for this is that all of the requests made for declaratory judgment in the Counterclaim relate to ownership of the property and Craig Smith is not alleging personal ownership. Thus, having failed to demonstrate each of the elements essential for standing, the Counterclaim as it pertains to Craig Smith will be dismissed.

Accordingly, all requests for declaratory judgment brought by Craig Smith in the Counterclaim are dismissed.

## C. Defendants' Motion for Summary Judgment

As stated previously, this Court denied as moot Defendants' Motion with respect to their objection to Plaintiff's Motion for Summary Judgment and kept the Motion for Summary Judgment as to Defendants' Counterclaim under advisement.[89] Therefore, the Court will only address Defendant's Motion seeking summary judgment on the Counterclaim.

Here, Defendants bring the Counterclaim against Plaintiff for declaratory judgment to enforce the Settlement under the Declaratory Judgment Act.[90] Specifically, Defendants prayer for relief requests that the Court: (1) enforce the order of this court approving the Settlement; (2) enforce the Settlement in this court that Plaintiff and Estate of Santiago Rodriguez, Jr., do not own any real property rights in Los Mesquites Ranch or San Gregorio Ranch as described by the survey, maps, plats, and deeds showing the boundaries of these Ranches, and to render judgment thereon; (3) declare that Plaintiff does not own any part of Los Mesquites Ranch and San Gregorio Ranch;

---

[88] *Id.*
[89] ECF No. 137.
[90] ECF No. 29.

(4) render judgment on the Settlement; (5) enforce the Settlement that Defendants own Los Mesquites Ranch and San Gregorio Ranch as shown by the survey, maps, plats, and deeds showing the boundaries of these Ranches and Property Owners do; and (6) for all other relief to which they are entitled.[91]

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." For a declaratory judgment action to survive, a justiciable substantive claim must exist.[92] Courts wield great discretion in determining whether to entertain an action under the federal DJA.[93] In the Fifth Circuit, courts "typically dismiss declaratory judgment counterclaims that are mirror images of claims or that raise issues that turn on disputed fact that will be resolved in the underlying suit."[94] Under federal law, the burden of proof on a declaratory judgment action is not governed by the positioning of parties as plaintiff or defendant, but rather a party's affirmative assertion on an issue.[95] Here, as the parties seeking declaratory judgment, Defendants have the burden of proving their positions. The Court will analyze each of Defendants' requests in turn.

1. **To enforce the order of this court approving the Settlement**

In the Counterclaim, Defendants ask the Court to enforce the Settlement.[96] Essentially, Defendants, without citing to any specific record evidence, have asked this Court to find as a matter

---

[91] *Id.* at 10.
[92] *Williams v. Farris (In re Williams)*, Nos. 19-32784, 19-3683, 2021 Bankr. LEXIS 924, at *63 (Bankr. S.D. Tex. 2021).
[93] *Id.*
[94] *Id.* at 63-64.
[95] *Wiggains v. Reed (In re Wiggains)*, Nos. 13-33757-SGJ-7 (Chapter 7), 14-03064-SGJ, 2015 Bankr. LEXIS 1121, at *26 (Bankr. N.D. Tex. 2015).
[96] ECF No. 29 at 8-10.

of law, at least sixteen critical facts that are inherently factual in nature such as, and only by way of example, "Debtor's father, Santiago Rodriguez, Jr., purchased undivided property interests in a 307.798 acre tract in Los Mesquites Ranch, known as Tract Number One-A, of Share 1-A, Santa Cruz Grant."[97] "This property was inherited by Debtor and his mother, Olivia Rodriguez, from Santiago Rodriguez, Jr. through the laws of intestate succession and *Estate of Santiago Rodriguez, Jr.*, PR-86-19."[98] "Accordingly, when the bankruptcy petition was filed, Debtor owned undivided property rights in this tract."[99] "In addition, during his lifetime, Debtor purchased two additional tracts of 19.94 acres and 123.34 acres in San Gregorio Ranch. This was property of Debtor's bankruptcy estate."[100] Further, many of the other requests included in Defendants' prayer for relief seek more specific declaratory judgment findings under the Settlement making this general request for enforcement redundant.[101]

Accordingly, Defendants' request for entry of summary judgment to enforce the order of this court approving the settlement agreement is denied.

2. **To enforce the Settlement in this court that Plaintiff and Estate of Santiago Rodriguez, Jr., do not own any real property rights in Los Mesquites Ranch or San Gregorio Ranch as described by the survey, maps, plats, and deeds showing the boundaries of these Ranches, and to render judgment thereon**

Defendants' second request in the Counterclaim is to enforce the Settlement by finding that Plaintiff and the Estate of Santiago Rodriguez, Jr., do not own any real property rights in Los Mesquites Ranch or San Gregorio Ranch.[102] Specifically, Defendants seek the Court to render this

---

[97] ECF No. 29 at 9, ¶ 26.
[98] *Id.*
[99] *Id.*
[100] *Id.*
[101] ECF No. 29 at 10.
[102] *Id.*

judgment based on the metes and bounds provided in a survey Defendants had conducted on June 23, 2021 ("*Survey*").[103]

In support of their argument, Defendants contend that Plaintiff judicially admitted that he does not have ownership interests in Los Mesquites Ranch or San Gregorio Ranch.[104] However, this contention is incorrect. On July 21, 2021, while the Original Petition was still pending in state court, Defendants served Plaintiff with discovery including "Request for Admission, Interrogatories, and Requests for Production to Gabriel Rodriguez."[105] In the Request for Admissions, inter alia, Defendants asked the Plaintiff to admit the following:

- Admit you do not own any real property rights in Starr County, Texas.

- Admit the Map and metes and bounds description of Los Mesquites Ranch attached hereto as Exhibit A accurately describes Los Mesquites Ranch.

- Admit you do not own or claim any real property rights within the Map and metes and bounds description of Los Mesquites Ranch attached hereto as Exhibit A.

- Admit the Map, metes and bounds description, and deeds of San Gregorio Ranch attached hereto as Exhibit B accurately describe San Gregorio Ranch.

- Admit you do not own or claim any real property rights within the Map, metes and bounds description, and deeds of San Gregorio Ranch attached hereto as Exhibit B.

- Admit you do not own or control any property, including claims or causes of action, that could be sold and the proceeds applied to pay the bankruptcy settlement in In re Gabriel Rodriguez, Cause No. 10-70606, United States Bankruptcy Court, Southern District of Texas.

- Admit you do not own or control any property, including claims or causes of action.[106]

---

[103] ECF No. 44-6.
[104] ECF No. 29 at 10, ¶ 32.
[105] ECF 44-7.
[106] *Id.*

The Request for Admissions provided that "Defendant must admit or deny each request for admission, in writing, within thirty (30) days of the date of service."[107] To date, Plaintiff has not answered the Requests for Admission. However, before the close of the thirty-day period for Plaintiff to respond, this case was removed to this Court on August 17, 2021.[108]

Neither Plaintiff nor Defendants addressed the question of whether the Request for Admission remained active despite the removal of the case. However, a vast majority of Courts have found that admissions requests served in a state case need not be answered once the case is removed to federal court if the deadline to answer those requests did not lapse before removal.[109] Under 28 U.S.C. § 1450, "[w]henever any action is removed from a State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."[110] In the majority view, requests for admissions are not considered injunctions, orders, or pleadings.[111] Defendants' admission requests were thus rendered "null and ineffective" when Trustee removed the case to federal court.[112] Therefore, Defendants' argument that Plaintiff judicially admitted that it does not have an ownership interest in the two ranches is inaccurate and does support their motion for summary judgment. At a minimum it creates a fact issue for trial.

---

[107] *Id.*
[108] ECF No. 1.
[109] *See e.g., Steen v. Garrett*, No. 2:12-cv-1662-DCN, 2013 U.S. Dist. LEXIS 61206, at *6 (D.S.C. 2013); *Int'l Transp. Workers Fed'n v. Mi-Das Line SA*, No. 13-cv-0454, 2013 U.S. Dist. LEXIS 49632, 2013 WL 1403329, at *4 n.3 (E.D. La. Apr. 4, 2013); *Sterling Sav. Bank v. Fed. Ins. Co.*, No. 12-cv-0368, 2012 U.S. Dist. LEXIS 107635, 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012); *Jennings v. City of Lafollette*, No. 09-cv-0072, 2010 U.S. Dist. LEXIS 87328, 10 WL 4704462, at *1 (E.D. Tenn. Aug. 24, 2010); *Wilson ex rel. Wilson v. Gen. Tavern Corp.*, No. 05-cv-81128, 2006 U.S. Dist. LEXIS 7742, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006); *Riley v. Walgreen Co.*, 233 F.R.D. 496, 498-99 (S.D. Tex. 2005).
[110] 28 U.S.C. § 1450.
[111] *Steen*, No. 2:12-cv-1662-DCN, 2013 U.S. Dist. LEXIS 61206, at *6-7.
[112] *Id.* at 7-8.

Next, the second reason that summary judgment cannot be granted as to this issue is that Defendants have not met their summary judgment burden to demonstrate that neither Plaintiff nor the Estate of Santiago Rodriguez Jr., has an interest in the property *currently*. In Defendants' Motion, Defendants offer the Settlement[113] as evidence to demonstrate that Plaintiff surrendered all property interest in Los Mesquites Ranch and San Gregorio Ranch. However, this alone is not sufficient for the Court to enter declaratory judgment that Plaintiff *currently* has no interest in any part of the two ranches. The Settlement was entered into on July 24, 2015[114] and twice approved by the Court on July 28, 2015[115] and February 17, 2016.[116] Nearly seven years have passed since the Settlement was agreed to. The Court cannot make a finding about Plaintiff's current ownership interests in Los Mesquites Ranch and San Gregorio Ranch without pointing to irrefutable evidence demonstrating that they did not attain an interest in subsequent years. Defendants' Motion is silent as to Plaintiff's property interest since 2015 and thus Defendants did not carry their summary judgment burden as the moving party. At a minimum, this creates a fact issue for trial.

Third, Defendants have not met their burden in showing that the metes and bounds in the Survey covers the same land granted in the Settlement. As detailed above, Plaintiff did not judicially admit anything by failing to answer the Request For Admissions. Thus, the references to the Survey are immaterial. Further, although the Defendants include several conclusory statements in the Counterclaim that the land in the Survey is the same granted under the Settlement, Defendants fail to offer any testimony or additional evidence in Defendants' Motion to meet their initial summary judgment burden. Instead, Defendants mistakenly argue that "[Plaintiff] has not produced any evidence whatsoever that these property descriptions are inaccurate because they are

---

[113] Bankr. ECF No. 571.
[114] *Id.*
[115] Bankr. ECF No. 580.
[116] Bankr. ECF No. 590.

accurate."[117] This self-serving contention incorrectly assumes that Defendants met their initial burden, shifting then to Plaintiff. They have not.

Accordingly, Defendant's request for entry of summary judgment "To enforce the Settlement in this court that Plaintiff and Estate of Santiago Rodriguez, Jr., do not own any real property rights in Los Mesquites Ranch or San Gregorio Ranch as described by the survey, maps, plats, and deeds showing the boundaries of these Ranches, and to render judgment thereon" is denied.

3. **To declare that Plaintiff does not own any part of Los Mesquites Ranch and San Gregorio Ranch**

Defendants' third request is effectively the same as the second request and the aforementioned reasons will be used as a basis of denial here as well.

Accordingly, Defendants' request for entry of summary judgment to declare that Plaintiff does not own any part of Los Mesquites and San Gregorio Ranch is denied.

4. **To render judgment on the settlement agreement**

Defendants' fourth request in the Counterclaim is to render judgement on the settlement agreement.[118] The Court finds that this request is duplicative of Defendants' first request to enforce the order of this Court approving the settlement agreement, and equally ambiguous. For the same reasons as outlined above, Defendants' Motion will be denied.

Accordingly, Defendants' request for entry of summary judgment to render judgment on the settlement agreement is denied.

5. **To enforce the settlement agreement that Defendants own Los Mesquites Ranch and San Gregorio Ranch as shown by the survey, maps, plats, and deeds showing the boundaries of these Ranches and Property Owners do**

---

[117] ECF No. 29 at 10, ¶ 33.
[118] *Id.* at 10.

Defendants' fifth request is for the Court to enforce the Settlement in finding that they are the owners of Los Mesquites Ranch and San Gregorio Ranch.[119] Once again, they ask the Court to render this judgment based on the metes and bounds provided in a survey Defendants had conducted on June 23, 2021.[120]

First, as analyzed above, Defendants have not met their initial burden in demonstrating that land in the metes and bounds in the Survey is the same as that granted under the Settlement. The fifth request will be denied for this reason alone.

Next, Defendants also fail to establish that they are the same parties that were a part of the Settlement. The Settlement listed Virginia Rodriguez, Josie Fields, the Executor of the Estate of Petra Rodriguez, Maria Lilia G. Henkel, Israel Guerra Jr., Filiberto A. Garza, Imelda Saenz, Mario Corona, Homero Corona, and Blanca Corona Garza as parties.[121] This Counterclaim is brought by Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, and the successors of Petra Rodriguez, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, and Josie Rodriguez.[122]

Notably, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, and Josie Rodriguez do not appear in the Settlement. Defendants fail to offer any evidence that the additional names in this action are in privity with those parties listed in the Settlement. Defendants cannot simply state that these parties are "the successors of Petra Rodriguez" without providing evidence of this contention to the Court. By failing to do so, they have not met their summary judgment burden. At a minimum, this creates a fact issue for trial.

---

[119] *Id.*
[120] ECF No. 44-6.
[121] Bankr. ECF No. 580.
[122] ECF No. 29.

Accordingly, Defendants' request for entry of summary judgment to enforce the Settlement that they are the owners of Los Mesquites Ranch and San Gregorio Ranch is denied.

### 6. For all other relief to which they are entitled.

This request is not specific and will not be granted.

Accordingly, Defendants' request for entry of summary judgment for all other relief to which they are entitled to is denied.

### IV. CONCLUSION

A Judgment consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED April 22, 2022

_____
Eduardo Rodriguez
United States Bankruptcy Judge