United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 04, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 10-70606 |
| GABRIEL G. RODRIGUEZ, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| _____ | § | |
| GABRIEL G. RODRIGUEZ | § | |
| and | § | |
| ESTATE OF SANTIAGO RODRIGUEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 21-7005 |
| | § | |
| CRAIG S SMITH | § | |
| and | § | |
| MARGIL SANCHEZ, JR. | § | |
| and | § | |
| HILCORP ENERGY COMPANY | § | |
| and | § | |
| PETER C. RUGGERO, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

Petitioning Creditors[1] and Craig Smith seek sanctions against Gabriel Rodriguez Sr.,
Gabriel Rodriguez Jr., Rhonda Ross, and Paul Celestine pursuant to (1) Federal Rule of Civil
Procedure 11 / Federal Rule of Bankruptcy Procedure 9011; (2) 11 U.S.C. § 105(a) and the Court's
inherent authority; and (3) 28 U.S.C. §1927.  The Court held hearings on July 7, 2022 and July 13,
2023.  For the reasons stated herein, the Court imposes sanctions in the total amount of $38, 182.50
against Gabriel Rodriguez Sr. under § 105(a) and inherent authority and Rhonda Ross under §
105(a) and inherent authority and § 1927.  Petitioning Creditors' and Craig Smith's requests for

---

[1] Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca
Corona Garza, Homero Corona, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, Josie Rodriguez.

sanctions as to Gabriel Rodriguez Jr. and Paul Celestine are denied.  Petitioning Creditors' and

Craig Smith's requests for sanctions of Gabriel Rodriguez Sr. and Rhonda Ross pursuant to Federal

Rule of Civil Procedure 11 / Federal Rule of Bankruptcy Procedure 9011 are denied.

## I.        JURISDICTION, VENUE AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district

courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related

to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related

cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[2]

This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(O) this proceeding involves

primarily core matters as it "concern[s] the administration of the estate and proceedings affecting

the liquidation  of the assets of the estate or the adjustment of the debtor-creditor relationship."[3]

Furthermore, this Court may only hear a case in which venue is proper.[4]  Pursuant to 28 U.S.C. §

1409(a), "a proceeding arising under title 11 or arising in or related to a case under title 11 may be

commenced in the district court in which such case is pending."  Debtor's main chapter 7 case was

administered in this Court and therefore, venue of this adversary proceeding is proper.

The pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(O).  Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does

not prohibit this Court from entering a final order here.[5]  Alternatively, this Court has constitutional

---

[2] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[3] 11 U.S.C. § 157(b)(2); s*ee also In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.").

[4] 28 U.S.C. § 1408.

[5] See, e.g., *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against

authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[6]  The parties have engaged in litigation in front of this Court, including numerous hearings and motions practice.  None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment.  These circumstances unquestionably constitute implied consent.  Thus, this Court wields the constitutional authority to enter a final order here.

## II.    BACKGROUND

1. On June 14, 2021, Gabriel Rodriguez Sr. ("*Rodriguez Sr.*") filed "Petition To Reopen The Probate Estate Of Santiago Rodriguez Due To Fraud By The Defendants" styled as Cause No. 86-019 styled In The Matter Of The Estate Of Santiago Rodriguez, Jr And Gabriel Rodriguez V. Craig Smith, Margil Sanchez, Jr, Michael B. Schmitt, et al filed in the County Court at Law Starr County ("*State Court Complaint*").[7]

2. On August 17, 2021, chapter 7 Trustee Michael Schmidt ("*Schmidt*") removed the State Court Complaint to this Court commencing the instant adversary proceeding.[8]

3. On September 2, 2021, Virginia Rodriguez, Filiberto Garza, Imelda Garza Saenz, Lilia Henkel, Israel Guerra, Mario Corona, Blanca Corona Garza, Homero Corona, Rosie Ownby, Delia Rodriguez, Rudy Rodriguez, Josie Rodriguez, ("*Petitioning Creditors*") and Craig S. Smith ("*Smith*") filed a counterclaim against Rodriguez Sr. pursuant to the Declaratory Judgment Act ("*Counterclaims*").[9]

4. On September 15, 2021, Petitioning Creditors and Smith filed a "Motion To Strike Debtor's Motions For Summary Judgment Or Alternatively Summary Judgment Motion And Response" ("*Petitioning Creditors' and Smith's Motion for Summary Judgment*").[10]

5. On March 24, 2022, the Court remanded the State Court Complaint to the Starr County Court of Law and retained jurisdiction over the Counterclaims.[11]

---

the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[6] *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[7] ECF No. 2.

[8] ECF No. 1.

[9] ECF No. 29.

[10] ECF No. 44.

[11] ECF No. 135.

6.  On April 22, 2022, the Court issued its Memorandum Opinion and Judgment denying Petitioning Creditors' and Smith's Motion for Summary Judgment and dismissing Craig S. Smith for lack of standing.[12]

7.  On April 26, 2022, "Judicial Notice and Objection to Uncontested Facts and Procedural History Request for Correction"[13] ("*Rodriguez Sr.'s Objection*") was filed by Rodriguez Sr.

8.  On April 27, 2022, this Court issued an Order[14] striking "Judicial Notice and Objection to Uncontested Facts and Procedural History Request for Correction"[15] because it failed to comply with Bankruptcy Local Rules 9013-1(b), (d), (f), and (h) and Federal Rules of Civil Procedure 7(b)(1)(B) and 10.[16]

9.  On May 2, 2022, Rodriguez Sr. filed a notice of appeal[17] ("*Notice of Appeal*") regarding the Court's striking of "Judicial Notice and Objection to Uncontested Facts and Procedural History Request for Correction."[18]

10. On May 6, 2022, Petitioning Creditors and Smith filed "Petitioning Creditors' and Craig S. Smith's Motion For New Trial, To Supplement The Summary Judgment Evidence, Amend Findings Of Fact And Conclusions Of Law and Make New Ones, and For Entry Of a New Judgment" ("*Motion to Reconsider*").[19]

11. On June 4, 2022, "Petitioning Creditors' and Craig S. Smith's Motion for Sanctions Against Gabriel G. Rodriguez and his Attorney Rhonda Ross for Filing Frivolous Appeal"[20] (the "*Motion for Sanctions*") was filed by Petitioning Creditors and Smith.

12. On June 14, 2022, Rodriguez Sr.'s Notice of Appeal was terminated by the District Court.[21]

13. On July 7, 2022, the Court held a hearing on the Motion to Reconsider and the Motion for Sanctions ("*Initial Hearing*").[22]

14. On September 19, 2022, the Court entered an order continuing the Initial Hearing to December 12, 2022, at 9:00 a.m.[23]

---

[12] *See* ECF Nos. 139 and 140.
[13] ECF No. 143.
[14] ECF No. 144.
[15] ECF No. 143.
[16] ECF No. 144.
[17] ECF No. 146.
[18] ECF No. 143.
[19] ECF No. 149.
[20] ECF No. 153.
[21] ECF No. 157.
[22] ECF No. 166.
[23] ECF No. 184.

15.  On November 22, 2022, Petitioning Creditors and Smith filed "Unopposed Expedited Motion for Continuance"[24] requesting a continuance of hearings set for December 12, 2022, at 9:00 a.m. regarding the Motion for Sanctions.

16.  On November 30, 2022, the Court granted "Unopposed Expedited Motion for Continuance"[25] and reset the continuance of the Initial Hearing to an indefinite date.[26]

17.  On May 1, 2023, the Court held a status conference and set June 15, 2023, at 9:00 a.m. for continuance of the Initial Hearing.[27]

18.  On May 17, 2023, "Emergency Motion for Leave to File Supplement to [Doc # 153] Petitioning Creditors' and Craig Smith's Motion for Sanctions Against Gabriel G. Rodriguez and his Attorney Rhonda Ross for Filing Frivolous Appeal"[28] was filed by Petitioning Creditors and Smith.

19.  On June 1, 2023, the Court held a hearing wherein it: (1) granted "Emergency Motion for Leave to File Supplement to [Doc # 153] Petitioning Creditors' and Craig Smith's Motion for Sanctions Against Gabriel G. Rodriguez and his Attorney Rhonda Ross for Filing Frivolous Appeal"[29] filed by Petitioning Creditors and Craig Smith; (2) reset the continuance of the Initial Hearing to July 13, 2023, at 9:00 a.m.; and (3) Petitioning Creditors and Smith voluntarily dismissed the Counterclaims.[30]

20.  On June 1, 2023, "Supplement to [Doc # 153] Petitioning Creditors' and Craig Smith's Motion for Sanctions Against Gabriel G. Rodriguez and his Attorney Rhonda Ross for Filing Frivolous Appeal"[31] ("*Supplemental Motion for Sanctions*") was filed by Petitioning Creditors and Smith.

21.  On July 13, 2023, the Court held a hearing on the Motion for Sanctions and the Supplemental Motion for Sanctions ("*Final Hearing*").[32]

### III.   ANALYSIS

In the Motion for Sanctions, Petitioning Creditors and Smith seek sanctions against

Rodriguez Sr. and his attorney Rhonda Ross ("*Ross*") pursuant to: (1) Federal Rule of Civil

Procedure 11 / Federal Rule of Bankruptcy Procedure 9011; and (2) 11 U.S.C. § 105(a) and the

---

[24] ECF No. 186.
[25] ECF No. 186.
[26] ECF No. 187.
[27] ECF No. 202.
[28] ECF No. 205.
[29] ECF No. 205.
[30] ECF No. 213.
[31] ECF No. 217.
[32] ECF No. 227.

Court's inherent authority.[33]  In the Supplemental Motion for Sanctions, Petitioning Creditors and Smith seek additional sanctions against Rodriguez Sr., Gabriel Rodriguez Jr. ("*Rodriguez Jr.*"), Ross, and Paul Celestine ("*Celestine*") pursuant to (1) 28 U.S.C. §1927; (2) Federal Rule of Civil Procedure 11 / Federal Rule of Bankruptcy Procedure 9011; and (3) 11 U.S.C. § 105(a) and the Court's inherent authority.[34]  The Court will discuss each in turn.

## A. Rule 11 / Bankruptcy Rule 9011

Rule 11 is incorporated into bankruptcy proceedings by Bankruptcy Rule 9011.[35]  "The purpose of Rule 9011 is to deter litigation abuse and unnecessary filings."[36] The rule is meant "to dissuade litigants, those represented and unrepresented, from presenting matters to the court that are baseless or filed in bad faith."[37]

The procedures for filing a Bankruptcy Rule 9011 motion for sanctions are specific so as to provide the respondent adequate notice of the motion and an opportunity to resolve the offending pleading before suffering sanctions.[38]  The first condition is that a request for sanctions by a party other than the Court must be instigated by filing a motion "made separately from other motions or requests," and "describing the specific conduct alleged to violate" Bankruptcy Rule 9011(c)(1). Bankruptcy Rule 9011(c) requires that, prior to the filing of a motion for sanctions, 21 days notice of the motion must be given to the respondent, so the respondent has an opportunity to correct whatever mistakes have been made.[39]  The courts refer to this 21-day period as the "safe harbor

---

[33] ECF No. 153.
[34] ECF No. 217.
[35] FED. R. CIV. P. 11.
[36] *In re Addon Corp.*, 231 B.R. 385, 388 (N.D. Ga. 1999).
[37] *Artho v. Happy State Bank (In re Artho)*, 2018 Bankr. LEXIS 2912, 2018 WL 4631761, at *5 (Bankr. N.D. Tex. Sept. 24, 2018) (*citing Law v. Siegel*, 571 U.S. 415, 427, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014)).
[38] *Good Gateway, LLC v. NRCT, LLC (In re Bay Circle Props., LLC)*, Nos. 15-58440-WLH, 19-05284, 2022 Bankr. LEXIS 3150, at *10 (Bankr. N.D. Ga. 2022).
[39] FED. R. BANKR. P. 9011(c)(1)(A).

period."[40]   The purpose of the safe harbor requirement is to ensure that the party against whom sanctions are sought has an opportunity to correct the problem.[41]   Generally, the motion for sanctions filed with the court must be the same as the one served.[42]

Here, Petitioning Creditors and Smith argue that Rule 11 / Bankruptcy Rule 9011 sanctions are warranted against Ross and Rodriguez Sr. for: (1) the filing of a frivolous appeal;[43] and (2) for the filing of a frivolous lawsuit in state court that was later removed to this Court.[44]   The Court will discuss each in turn.

### 1. Whether Rule 11 / Bankruptcy Rule 9011 sanctions are warranted for the filing of a frivolous appeal

Petitioning Creditors and Smith assert that Rule 11 / Bankruptcy Rule 9011 sanctions are warranted against Ross and Rodriguez Sr. for the filing of a frivolous appeal.[45]   On April 22, 2022, the Court issued its Memorandum Opinion and Judgment denying the Petitioning Creditors' and Smith's Motion for Summary Judgment.[46]   On April 26, 2022, Rodriguez's Objection was filed, objecting to a finding of fact in the Memorandum Opinion.[47]   The Court struck Rodriguez's Objection because it failed to comply with Bankruptcy Local Rules 9013-1(b), (d), (f), and (h) and Federal Rules of Civil Procedure 7(b)(1)(B) and 10.[48]   Despite the fact that the Court's order striking was without prejudice, Ross filed an appeal on behalf of Rodriguez Sr. with District Court for the Southern District of Texas on May 2, 2022.[49]   The appeal was dismissed on June 14, 2022.[50]

---

[40] *Thomas v. Office of the Tenn. AG (In re Thomas)*, 2020 Bankr. LEXIS 3298, 2020 WL 6874912, at *5 (B.A.P. 6th Cir. Nov. 23, 2020).
[41] *In re Bay Circle Props., LLC*, Nos. 15-58440-WLH, 19-05284, 2022 Bankr. LEXIS 3150, at *10.
[42] *O'Boyle v. Sweetapple*, 2016 U.S. Dist. LEXIS 193603, 2016 WL 9559919 (S.D. Fla. Feb. 22, 2016) (filed motion not the same as one served because it relied on events occurring after service).
[43] ECF No. 153.
[44] ECF No. 217.
[45] ECF No. 153.
[46] *See* ECF Nos. 139 and 140.
[47] ECF No. 143.
[48] ECF No. 144.
[49] ECF No. 148.
[50] ECF No. 157.

Petitioning Creditors and Smith contend that the appeal filed by Ross on behalf of Rodriguez Sr. was frivolous and thus sanctions are appropriate under Rule 11 / Bankruptcy Rule 9011.[51]  The issue with the Petitioning Creditors argument, however, is that they fail to comply with notice requirement of Rule 11 / Bankruptcy Rule 9011.  In the Motion for Sanctions, Petitioning Creditors and Smith argue that they met this requirement by sending a "warning letter" to Rodriguez Sr. and Ross on May 4, 2022.[52]  However, the Fifth Circuit has expressly held that Rule 11 and Bankruptcy Rule 9011 require a copy of the motion itself, rather than simply a warning letter.[53]  Indeed, the very case that Petitioning Creditors and Smith cite does not state that a warning letter alone will suffice as represented to the Court but rather that a warning letter with an attached copy of the motion was satisfactory.[54]  Further, "[c]ompliance with the service requirement is a mandatory prerequisite to an award of sanctions."[55]  Therefore, Petitioning Creditors' and Smith's Rule 11 / Bankruptcy Rule 9011 arguments must be denied.

Accordingly, Rule 11 / Bankruptcy Rule 9011 sanctions are not warranted for the filing of a frivolous appeal.

## 2. Whether Rule 11 / Bankruptcy Rule 9011 sanctions are warranted for the filing of a frivolous lawsuit

Next, in the Supplemental Motion for Sanctions, Petitioning Creditors and Smith argue that Rule 11 / Bankruptcy Rule 9011 sanctions "should be imposed against [Rodriguez Sr.] and Ross because they initiated the instant suit for the improper purposes."[56]  On June 14, 2021, Rodriguez

---

[51] ECF No. 153.

[52] ECF No. 153 at 4, ¶ 13.

[53] *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 588 (5th Cir. 2008).

[54] *Heisler v. Kean Miller, LLP*, No. 21-724, 2021 U.S. Dist. LEXIS 239263, at *17 (E.D. La. 2021) ("In its Rule 11 letter, Girod warns Klein that if he does not dismiss the Complaint with prejudice 'within twenty-one (21) days of the date of this letter Girod will seek relief against you and your client **as detailed in the enclosed draft Rule 11 Motion for Sanctions**.'").

[55] *In re Pratt*, 524 F.3d at 588.

[56] ECF No. 217 at 22.

Sr. filed the State Court Complaint.[57]  On August 17, 2021, Schmidt initiated a removal of the State Court Complaint to this Court.[58]  On March 24, 2022, the Court remanded the State Court Complaint to the Starr County Court of Law and retained jurisdiction over Petitioning Creditors' Counterclaims.[59]

Petitioning Creditors and Smith contend that sanctions are appropriate under Rule 11 / Bankruptcy Rule 9011 because the State Court Complaint filed by Ross on behalf of Rodriguez Sr. makes factual contentions that have no evidentiary support.[60]  Once again, however, Petitioning Creditors and Smith fail to comply with notice requirement of Rule 11 / Bankruptcy Rule 9011. Bankruptcy Rule 9011(c)(1)(A) clearly and unambiguously states that "The motion for sanctions **may not be filed with or presented to the court** unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged … claim, … is not withdrawn or appropriately corrected…."[61]  Here, Petitioning Creditors and Smith offer no evidence that a copy of the Supplemental Motion for Sanctions was sent to Rodriguez *prior* to filing with the Court.

Accordingly, Rule 11 / Bankruptcy Rule 9011 sanctions are not warranted for the filing of a frivolous lawsuit.

## B. 11 U.S.C. § 105(a) and inherent authority

Section 105(a) confers both statutory and inherent authority upon bankruptcy courts to impose sanctions.[62]  Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or

---

[57] ECF No. 2.
[58] ECF No. 1.
[59] ECF No. 135.
[60] ECF No. 217 at 24-25.
[61] FED. R. BANKR. P. 9011(c)(1)(A).
[62] 11 U.S.C. § 105.

appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

First, under 11 U.S.C. § 105, bankruptcy courts have civil contempt authority to provide remedies necessary to enforce the Bankruptcy Code.[63]  These civil penalties must either be compensatory in nature, or be designed to coerce compliance with a court order.[64]  In order to find a party in civil contempt, the movant must show a specific and definite violation of court order, by clear and convincing evidence.[65]  Second, under 11 U.S.C. § 105(a), bankruptcy courts have inherent sanction authority to deter and provide compensation for a wide range of improper conduct, provided that the Court make an explicit finding of bad faith.[66]  Bad faith must be shown by clear and convincing evidence.[67]

Here, Petitioning Creditors and Smith do not allege violation of a specific order of this Court and thus civil contempt is not relevant.[68]  Instead, both the Motion for Sanctions and the Supplemental Motion for Sanctions seek sanctions pursuant to the Court's inherent authority.[69]  Thus, in order for sanctions to be warranted, Petitioning Creditors and Smith must demonstrate bad faith by clear and convincing evidence.[70]  Petitioning Creditors and Smith argue that 11 U.S.C. § 105(a) and inherent authority sanctions are warranted for: (1) Ross; (2) Rodriguez Sr.; (3) Rodriguez Jr.; and (4) Celestine.[71]  The Court will discuss each in turn.

### 1. Gabriel Rodriguez Sr. and Rhonda Ross

---

[63] *In re Pulliam*, 2011 Bankr. LEXIS 1215, 2011 WL 1332040, at *3 (Bankr. D. Mont. March 31, 2011).
[64] *Id.*
[65] *Id.*
[66] *Id.* at *2.
[67] *In re Parsley*, 384 B.R. 138, 179 (Bankr. S.D. Tex. 2008).
[68] *In re Pulliam*, 2011 Bankr. LEXIS 1215, 2011 WL 1332040, at *3.
[69] ECF Nos. 153, 217.
[70] *In re Parsley*, 384 B.R. at 179.
[71] ECF Nos. 153, 217.

Petitioning Creditors and Smith assert that § 105(a) and inherent authority sanctions are warranted against Rodriguez Sr. and Ross because they have acted in bad faith by filing the State Court Compliant and numerous other pleadings for improper purposes.[72]  Bad faith conduct may be established if a court finds that the party "deliberately abused the judicial process."[73]  While "abuse of process" under § 105(a) is not defined in the Bankruptcy Code, a few courts essentially define it as "maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy system."[74]

First, the record is replete with instances in which Rodriguez Sr. has advanced meritless and oftentimes nonsensical theories through his counsel, Ross.  For example, on April 22, 2022, the Court issued its Memorandum Opinion and Judgment denying Petitioning Creditors' and Smith's Motion for Summary Judgment regarding claims for declaratory judgment.[75]  Thereafter, Petitioning Creditors and Smith filed the Motion to Reconsider.[76]  Responding to the Motion to Reconsider, Rodriguez Sr. asserts "error in law" and states "Under the United States system, the legal system is fiction due to the grammar."[77]  Rodriguez Sr. further references maritime law, 18 U.S.C. §1001 (a criminal code), and the Civil Rights Act of 1964.[78]  In no way did any of these various statutes or authorities even remotely relate to the matters before the Court concerning declaratory judgment and real property ownership.  Nearly all of the motions and briefs filed by Ross on behalf of Rodriguez Sr. are similar to that described above.

---

[72] ECF No. 217.
[73] *The Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 730 (5th Cir. 2014).
[74] *In re Calder*, 93 B.R. 739, 740 (Bankr. D. Utah 1988); *see also In re Burrell*, 148 B.R. 820, 824 (Bankr. E.D. Va. 1992) (characterizing abuse of process as a situation where "[i]naction by the court . . . would undermine the integrity of the bankruptcy system.").
[75] ECF Nos. 139, 140.
[76] ECF No. 149.
[77] ECF No. 178 at 2.
[78] *Id.*

Second, Ross testified at the Initial Hearing that she didn't have proper knowledge of the legal theories she asserted.[79]  When asked to explain her rationale behind asserting how maritime law applied, Ross, in part, responded that "I know nothing about maritime law."[80]  Instead, she stated that she relied upon the guidance of Celestine, a non-lawyer.[81]  Ross was also repeatedly unable to articulate numerous other theories she asserted in her signed motions.[82]

Third, Rodriguez Sr. and Ross acted in bad faith by filing a frivolous appeal.  Appeal of a bankruptcy court's interlocutory order is limited to cases presenting exceptional circumstances.[83]  On April 26, 2022, Rodriguez Sr. filed "Judicial Notice and Objection to Uncontested Facts and Procedural History Request for Correction"[84] seeking to amend a finding of fact in the Court's Memorandum Opinion.  The Court issued an Order[85] denying Rodriguez Sr.'s motion due to numerous procedural violations.  Notably, the Order was not with prejudice and was not a final order.[86]  Despite the opportunity to re-file in accordance with the procedural rules, on May 2, 2022, Rodriguez Sr. filed a notice of appeal.[87]  Ross, as licensed counsel, should have been well aware that such an appeal was impermissible.  Furthermore, Rodriguez Sr. and Ross received notice from Petitioning Creditors and Craig Smith that there was no basis for filing such an appeal.[88]  Under these circumstances, Rodriguez Sr.'s appeal was bad faith conduct.

Fourth, Petitioning Creditors and Smith contend that the purpose of filing the State Court Complaint was to block an upcoming sale of the property and to further harass the Petitioning

---

[79] ECF no. 168 at 52.
[80] *Id.* at 53.
[81] *Id.*
[82] *Id.*
[83] *Royce Homes L.P.*, 466 B.R. 81, 94 (S.D. Tex. 2012).
[84] ECF No. 143.
[85] ECF No. 144.
[86] *Id.*
[87] ECF No. 146.
[88] ECF No. 153.

Creditors.[89]  Rodriguez Sr., through Ross, has repeatedly advocated that he is the rightful owner of the real property at the heart of this litigation.[90]  However, Ross admitted that she has never read the 2007 opinion from the Fourth Court of Appeals affirming that Rodriguez Sr. is not the rightful heir.[91]  Ross further testified that she is fully aware that an order was entered by this Court transferring the property interest of Rodriguez Sr. to Petitioning Creditors.[92]  From these statements, it is clear that her intent in filing the State Court Complaint was not to raise legitimate arguments and that she has abused the judicial process.

In sum, Rodriguez Sr. and Ross have abused the judicial process and acted in bad faith. First, advancing the numerous meritless arguments discussed above undermines the integrity of the bankruptcy system and clearly demonstrates bad faith.[93]  Second, courts have found that, if particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith justifying the award of sanctions.[94]  In this case, Ross openly conceded that she had no basis asserting her numerous maritime law theories.[95]  Third, Rodriguez Sr. and Ross filed a frivolous appeal of an interlocutory order rather than simply refiling.  Finally, it is clear that the purpose of the State Court Complaint was merely to delay a pending sale and further harass Petitioning Creditors and Smith.  For these reasons, the Court finds that Rodriguez Sr. and Ross acted in bad faith, abused the judicial process, and should be sanctioned pursuant to 11 U.S.C. § 105(a) and inherent authority.

---

[89] ECF No. 217 at 21.
[90] ECF No. 1.
[91] ECF No. 168 at 37.
[92] ECF No. 168 at 43.
[93] *In re Burrell*, 148 B.R. at 824.
[94] *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998); *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1576 (11th Cir. 1995).
[95] ECF no. 168 at 52.

Accordingly, Gabriel Rodriguez Sr. and Rhonda Ross will be sanctioned pursuant to 11 U.S.C. § 105(a) and inherent authority.

## 2. Paul Celestine

Next, the Supplemental Motion for Sanctions seeks sanctions against Celestine pursuant to 11 U.S.C. § 105(a) and inherent authority.[96]  Specifically, the Supplemental Motion for Sanctions argues that "Celestine appears to have drafted and filed false documents before this Court."[97] Petitioning Creditors and Smith assert that Celestine is a non-lawyer who has previously been barred from filing lawsuits while incarcerated by the Fifth Circuit.[98]  Petitioning Creditors and Smith contend that Celestine is the true drafter of numerous pleadings signed by Ross on behalf of Rodriguez Sr. in this adversary proceeding.[99]  Petitioning Creditors and Smith also assert that Rodriguez Sr. testified at a recent hearing before the United States District Court that Celestine has filed pleadings on Rodriguez Sr.'s behalf.[100]

With respect to this case, however, the Court cannot find by clear and convincing evidence that Celestine improperly assisted Rodriguez Sr. in bad faith.  At the Initial Hearing, Ross testified that the basis of the maritime law arguments advanced in several of the pleadings she signed were from conversations she had with Celestine.[101]  However, when asked directly whether Celestine drafted the pleading containing references to maritime law, Ross responded "no."[102]  No additional testimony regarding Celestine was elicited at the Initial Hearing.[103]

---

[96] ECF No. 217.
[97] *Id.* at 27.
[98] *Id.* at 12; *Celestine v. Chaney*, No. 01-41439 Conference Calendar, 2002 U.S. App. LEXIS 28562, at *2 (5th Cir. 2002).
[99] *Id.*
[100] *Id.* at 13.
[101] ECF No. 168 at 52.
[102] *Id.*
[103] *Id.*

Although a subpoena was issued for Celestine to appear at the Final Hearing, Celestine failed to appear.[104]  Counsel for Petitioning Creditors and Smith was given the option to continue the Final Hearing or press their motions at that time.[105]  The Petitioning Creditors and Smith elected to proceed and no additional evidence was admitted with respect to Celestine's actions in *this* case.[106]  Since bad faith must be shown by clear and convincing evidence,[107] the Court finds that Petitioning Creditors and Smith have not met their burden with respect to Celestine.

Accordingly, Petitioning Creditors' and Smith's request to sanction Paul Celestine pursuant to 11 U.S.C. § 105(a) and inherent authority is denied.

### 3. Gabriel Rodriguez Jr.

Finally, the Supplemental Motion for Sanctions seeks sanctions against Rodriguez Jr. pursuant to 11 U.S.C. § 105(a) and inherent authority.[108]  Similar to the argument regarding Celestine, Petitioning Creditors and Smith assert that Rodriguez Jr. has assisted in drafting pleadings filed on behalf of his father, Rodriguez Sr.[109]  The problem with Petitioning Creditors argument is that it lacks evidentiary support.  Rodriguez Jr. did not appear at the Final Hearing and no testimony was offered regarding Rodriguez Jr.'s actions in this case.  Since bad faith must be shown by clear and convincing evidence,[110] the Court finds that Petitioning Creditors and Smith have not met their burden with respect to Rodriguez Jr.

Accordingly, Petitioning Creditors' and Smith's request to sanction Gabriel Rodriguez Jr. pursuant to 11 U.S.C. § 105(a) and inherent authority is denied.

---

[104] ECF No. 227.
[105] *Id.*
[106] *Id.*
[107] *In re Parsley*, 384 B.R. at 179.
[108] ECF No. 217.
[109] *Id.* at 19.
[110] *In re Parsley*, 384 B.R. at 179.

**C. 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[111]  Sanctions under the statute must be predicated on actions that are both "unreasonable" and "vexatious."[112] To find that an attorney's conduct is "unreasonable" and "vexatious," there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.[113]

In the Supplemental Motion For Sanctions, Petitioning Creditors and Smith seek sanctions against Ross pursuant to 28 U.S.C. § 1927.[114]  As discussed at length in § 105 and inherent authority analysis pertaining to Ross, she has acted in bad faith on numerous occasions throughout this case.  First, Ross acted in bad faith by repeatedly advancing meritless arguments.[115]  Second, Ross acted in bad faith by raising arguments to which she had no personal knowledge.[116]  Third, Ross filed a frivolous appeal despite receiving notice from Petitioning Creditors and Smith.[117] Finally, Ross acted in bad faith by filing the State Court Complaint merely to harass Petitioning Creditors and stop a pending real property sale.[118]  Given this, the Court finds that Ross's conduct is "unreasonable" and "vexatious."[119]

---

[111] 28 U.S.C. § 1927.
[112] *Travelers Ins. Co. v. St. Jude Hosp., Inc.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994) (citing *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)); *Wesolek*, 2014 U.S. Dist. LEXIS 33103, 2014 WL 1030176, at *7 (citing *Procter & Gamble v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002)).
[113] *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted); *Rodriguez v. Ic Sys.*, No. EP-16-CV-00186-DCG, 2017 U.S. Dist. LEXIS 73119, 2017 WL 2105679, at *4 (W.D. Tex. May 12, 2017) (citing *Travelers Ins. Co.*, 38 F.3d at 1416-17).
[114] ECF No. 217.
[115] ECF No. 178 at 2.
[116] ECF no. 168 at 52.
[117] ECF No. 146.
[118] ECF No. 1.
[119] *Edwards v. Gen. Motors Corp.*, 153 F.3d at 246.

Accordingly, Rhonda Ross will be sanctioned pursuant to § 1927.

**D. Amount of Sanctions**

Under § 105(a), "[s]anctions pursuant to that section include actual damages incurred and reasonable attorney's fees."[120] A court may "exercise discretion and judgment" in allocating litigation expenses, and "may take into account its overall sense of a suit."[121] Additionally, § 1927 provides for an award of attorney's fees where an attorney "multiplies the proceedings in any case unreasonably and vexatiously."[122]

Here, the tactics employed by Rodriguez Sr. and Ross constitute an abuse of the bankruptcy process warranting monetary sanctions under § 105(a) and inherent authority in order "to deter repetition of such conduct or comparable conduct by others similarly situated."[123] Similarly, Ross unreasonably and vexatiously multiplied the proceedings in this case warranting sanctions under § 1927.  At the Final Hearing, Petitioning Creditors and Smith offered evidence demonstrating that counsel Pete Holzer incurred $38, 182.50 in attorney's fees during the course of representation for Petitioning Creditors and Smith.[124]  Smith does not seek attorneys fees for his work.[125]

Therefore, the Court imposes sanctions in the total amount of $38, 182.50 against Gabriel Rodriguez Sr. under § 105(a) and inherent authority; and Rhonda Ross under § 105(a) and inherent authority and § 1927.  Gabriel Rodriguez Sr. and Rhonda Ross will each be jointly and severally liable for the $38, 182.50 sanction.

## IV.    CONCLUSION

---

[120] *In Re Glob. Prot. USA, Inc.*, 546 B.R. 586, 631 (Bankr. D.N.J. 2016) (citing *In re Nowlin*, 04-08147, 2009 Bankr. LEXIS 2586, 2009 WL 2872916, at *5 (Bankr. M.D. Tenn. Aug. 27, 2009)).
[121] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 1010-11 (2017).
[122] *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987).
[123] *In re Bradley*, 495 B.R. 747, 802 (Bankr. S.D. Tex. 2013).
[124] ECF No. 227.
[125] ECF No. 231 at 11.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED August 4, 2023

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge